REQUESTED BY: Mary Dean Harvey, Director, Department of Social Services; Dr. Gregg F. Wright, Director Nebraska Department of Health; Joseph P. Foster, Acting Director, Nebraska Department of Aging; and Dale Bo Johnson, Director, Nebraska Department of Public Institutions
Since completing the opinion of September 27, 1991, on Patient Self-Determination, it has come to our attention that there should be comment on two Nebraska statutes that were not discussed in the earlier opinion. —
One is Neb.Rev.Stat. § 49-1549 under the Nebraska Short Form Act, § 49-1501 et seq. which addresses the use, operation and form of a power of attorney. The other is Neb.Rev.Stat. § 30-2628 which addresses the powers and duties of legally appointed guardians.
Neb.Rev.Stat. § 49-1549 (Reissue 1988) potentially may affect an adult patient's rights to make decisions about his or her medical or surgical treatment. In pertinent part, the statute provides that a principal may authorize an agent "to consent to or permit any dental, medical, or surgical operation or treatment or other mental or physical analysis, examination." The statute seems to allow a principal to authorize an agent to make medical decisions for the principal. However, the statute does not clearly provide for the legal viability of power of attorney authorization.
medical treatment. Courts have yet to interpret Neb.Rev.Stat. § 49-1549
to allow for such a conveyance of authority.
Section 30-2628 also potentially affects individuals rights to make decisions regarding their own medical treatment. This statute delineates a guardian's powers to determine his or her ward's medical treatment, Section 30-2628(a) in pertinent part provides that, "A guardian of an incapacitated person has the same powers, rights and duties respecting his or her ward that a parent has respecting his or her unemancipated minor child . . ." The legislature has provided that a guardian's power to initiate medical treatment decisions for his or her ward parallels parents' rights to make medical decisions affecting their children. Although the Nebraska Supreme Court has not defined the scope of parents' rights to determine whether their child receives a certain form of medical treatment, the court has held, in child custody matters, that parental decisions regarding the welfare of their children are weighed against the public's paramount interest in protecting the children's welfare. (See In re Interest of J.B. et al., 235 Neb. 530, 455 N.W.2d 817
(1990)). Applying In re Interest of J.B. to the instant questions, because parents' rights to determine their child's medical treatment is apparently limited by the, public's interest in protecting the child's welfare, a guardian's decisions affecting his or her ward would be controlled by the public's interest in protecting that ward. Those rights have been defined in other portions of this opinion.
Section 30-2628(3) states that a guardian can choose whether or not to approve a ward's medical treatment. "A guardian may give any consent or approvals that may be necessary to enable the ward to receive medical or other professional care, counsel, treatment, or service." Although on its face a guardian apparently can exercise discretion in granting approval for a ward's medical treatment, the statute also implies that medical care can be provided a ward even absent guardian approval if so ordered by a court. This interpretation is possible because, as has been discussed in our earlier opinion, in certain instances the state's interests in determining the course of medical treatment outweighs other interests. Therefore, a ward could be treated medically even when a guardian has not approved of that treatment if the treatment has been approved by the court. In conclusion then, § 30-2628(3) indicates a guardian does have the authority to approve medical care for his or her ward. However, in situations where a guardian does not approve medical treatment and the state's interest in seeing that the treatment is provided is paramount, then a ward can be medically treated pursuant to a court order authorizing the treatment.
Although these statutes are relevant to the subject of Patient Self-Determination, we do not feel that their consideration changes the substance or theme of our opinion of September 27, 1991.
Sincerely,
 DON STENBERG Attorney General